ELMORA VILLA AND HOME BUILDING COMPANY, a corporation of New Jersey, complainant-appellant,

*v.*

PLAINFIELD-UNION WATER COMPANY, a corporation of New Jersey, and the CITY OF ELIZABETH, a municipal corporation, defendants-respondents.

[Submitted February term, 1935. Decided May 17th, 1935.]

*Mr. Fred E. Shepard,* for the appellant.

*Mr. Francis A. Gordon,* for the respondent Plainfield-Union Water Company.

*Mr. Edward Nugent,* for the respondent city of Elizabeth.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from a decree of the court of chancery. It appears from the evidence that the complainant owned

and developed a certain tract of land in the city of Elizabeth which section was known as the "Elmora section." In order to develop this section for residential and other purposes it was necessary to arrange with a water company to extend its water mains through the proposed streets and avenues laid out and constructed on this tract of land. As houses were built it was necessary to connect them with a supply of potable water and it was also desirable to have fire protection by the installation of fire hydrants in certain parts of the streets. The complainant, therefore, made application to the defendant, the Plainfield-Union Water Company, for the installation of water mains through these streets, as a result of which four agreements were made. The following is a copy of one of these agreements:

"PLAINFIELD-UNION WATER COMPANY
Main Extension Agreement

No. 20                                                      April 29, 1926.
    Upon the understanding that you will at your own cost and expense extend your water mains as follows:
Byron Ave. dead end to Browning Ave. ............... ....   400 ft.
Browning Ave. Magie Road southwest to dead end .......   1030 ft.

                                                          1430 ft.
        1430 ft. 6" Line @ $1.80........ ... ..... $2574.00
        less 3½ years Fire Service ..... ........   192.19

                    Deposit .. ............... $2381.81

    We herewith pay you the sum of Twenty-three Hundred Eighty-one—and 81/100 Dollars ($2381.81), which amount is to be returned to us without interest at the rate of Forty-two dollars ($42.00) for each house built and connected to said extension when regular service has been started; provided, however, that after a period of ten years from the above date, all deposits not then returned to the applicant or his assigns shall be the property of the Water Company. We also clearly understand that by such payment we acquire no interest whatever in the line which you may build in pursuance of this request.
                            ELMORA VILLA AND HOME BLDG. CO.
                                    By S. F. LaCorte,
                                        Vice Pres. & Atty.

    Received the sum of Twenty-three Hundred Eighty-one and 81/100 Dollars ($2381.81), subject to the above mentioned conditions.
                            PLAINFIELD-UNION WATER COMPANY.
                                    By Wm. E. Brown."

The other agreements are similar. As will be noted under the agreements the water company was to refund to the complainant the amount deposited without interest at the rate of $42 for each house built and connected with these water mains. After a period of ten years, however, from the date of each agreement all the deposits not then returned to the complainant were to become the property of the water company and it was also provided in these agreements that the complainant was to acquire no interest whatever in the water mains. It appears that the water company returned some of the money so deposited under the agreements as houses were built in the development and connected with these water mains. These agreements were dated in 1926. In July, 1931, the Plainfield-Union Water Company entered into an agreement to convey to the city all the water piping and distribution system of the water plant at that time serving the development of the complainant for which the city of Elizabeth was to pay the sum of $275,000. This agreement also provided, among other things, for the transfer to the city of Elizabeth of the moneys deposited by the complainant with the Plainfield-Union Water Company. The city thereby agreed to assume the obligation of the water company to return to the complainant, under the terms of the contracts between the complainant and the water company, the amount of the deposits as they became due and payable. The complainant filed its bill asking the court to rescind the contracts between the complainant and the water company and also asking that the water company account for the moneys received and return to the complainant such amount as might be found due to it by reason of the rescission of the contract. The vice-chancellor who heard the case dismissed the bill of complaint for the reason that the bill did not tender to the defendant, the Plainfield-Union Water Company, restoration of the *status quo*. He said that the water company performed its part of the agreement by installing the water mains at a cost equal to the amount of the total deposit and that the return of this deposit was intended to be earned by the complainant before it was repaid, if repaid within ten

years, and if not repaid within ten years then such deposit was to become the property of the water company and that the ten years had not yet expired. He said that the idea of rescission implied that that which had been parted with should be restored to both parties and that such a condition could not be accomplished in this case.

We are of the opinion that the vice-chancellor reached the right result. The bill of complaint alleged that four agreements existed between the complainant and the Plainfield-Union Water Company and that after the Plainfield-Union Water Company sold its holdings to the city of Elizabeth the complainant refused to deal and still refuses to deal with the city of Elizabeth relative to the same. The bill prays that a decree may be made for the rescission of the contracts between the complainant and the water company and that the water company thereupon account for the deposits made under the contracts above mentioned. Counsel refers to the case of *Wooster* v. *Crane & Co.*, *73 N. J. Eq. 22.* This case has no bearing on the question here involved. The *Wooster Case* involved a personal service contract which the court held was not assignable. In the case now before us it is not claimed that the contracts in question were assigned, nor does it appear that the contracts were of such personal nature as in the *Wooster Case*. The bill of complaint asks for no other relief than that the contracts be rescinded by reason of the sale of the water company's property and the transfer of the deposits to the city of Elizabeth. There is nothing in the record by which it appears that the complainant asked or even suggested any other relief than that above mentioned, nor is there any other relief now urged by counsel of the complainant. There is no contention of fraud in the case. The sale of this property to the city of Elizabeth and the transfer of the deposits made by the complainant to the water company, which were also transferred under the agreement to the city of Elizabeth, were not such transactions as would work a rescission of the agreements between the complainant and the water company. The service to be rendered by the water company was completely performed and nothing

remained to be done except the adjustment of the deposits as houses were built or the ten-year periods therein provided for expired.

The decree of the court of chancery is, therefore, affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.